IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MANULITO D. LUCERO,

       Plaintiff,

vs.                                                                                          Civ. No. 07-791 RHS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

## MEMORANDUM OPINION AND ORDER

1.  This matter comes before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum ("Motion"), filed January 30, 2008 **[Doc. No. 15]**. Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying the Plaintiff's applications for a period of disability, disability insurance benefits and supplemental security income. Plaintiff filed applications for benefits on February 4, 2005, which were denied initially and upon reconsideration. (Tr. 11).[1]

2.  After conducting an administrative hearing, the Commissioner's Administrative Law Judge ("ALJ") issued a decision on May 27, 2007 denying Plaintiff's applications. (Tr. 11-17). On July 30, 2007, the Appeals Council denied Plaintiff's request for a review, thus rendering the ALJ's decision the final decision of the Commissioner. (Tr. 4-6). Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. § 405(g).

3.  Plaintiff's date of birth is April 23, 1966. (Tr. 71). Although Plaintiff indicated that he completed 12th grade, he testified that he did not graduate or receive a diploma. (Tr. 64,

---

[1]Tr. = Administrative Transcript.

562).  Plaintiff has worked in the past as a sheet metal tech, roofer and repo man.  (Tr. 60).  Plaintiff alleges a disability which commenced January 1, 2005 due to a "broken left femur, broken arms, [and] slight back injuries."  (Tr. 59).

      4.   At his administrative hearing, Plaintiff testified that he is unable to work because he cannot bear weight on his right leg, and because: "My left knee too . . . both my arms, my wrists and . . . my back is shot."  (Tr. 570).  Plaintiff also testified that he has "five lower discs in my back that are no good" and that he "can't walk very far."  (Tr. 570-71).  Plaintiff stated that he could walk "maybe a good two city blocks before . . . my legs are killing me."  (Tr. 571).  Plaintiff testified that he could stand "20 minutes at the most" and sit "anywhere from five to ten minutes."  (Tr. 571).  Plaintiff stated that the heaviest thing he had picked up in the last six months was his grandson, who weighs "14, 15 pounds."  (Tr. 571).

      5.   The standard of review in social security appeals is whether the Commissioner applied the correct legal standards and whether the final decision, in this case the ALJ's decision, is supported by substantial evidence.  <u>Thompson v. Sullivan</u>, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted).  The Court cannot weigh the evidence or substitute its discretion for that of the Commissioner, but has the duty to carefully consider the entire record and make its determination on the record as a whole.  <u>Dollar v. Bowen</u>, 821 F.2d 530, 532 (10th Cir.1987).

      6.   Plaintiff alleges the following errors:  (1) The ALJ erred in applying the Medical-Vocational Guidelines ("Grids") without the benefit of vocational testimony; (2) The ALJ improperly assessed treating source opinions; and (3) The ALJ failed to develop the record regarding Hepatitis C and depression.

      7.   "To qualify for disability benefits, a claimant must establish a severe physical or

mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." Thompson, 987 F.2d at 1486 (citing 42 U.S.C. §423 (d)(1)(A)); see also 42 U.S.C. § 1382c(a)(3)(A).  Social Security Regulations require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications.  Id.; see 20 C.F.R. §§ 404.1520 (a - f); 416.920.  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled.  Id. (citations omitted).

      7.  At the first four levels of the evaluation, the claimant must show:  (1) that he is not working; (2) that he has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; (3) that the impairment meets or equals one of the listing of impairments in 20 C.F.R. Pt. 404, Subpt.P, App.1; or (4) that he is unable to perform work done in the past.  At step five, the burden shifts to the Commissioner to show that the claimant has a residual functional capacity ("RFC") to do work in the national economy other than past relevant work.  Thompson, 987 F.2d at 1487 (citations omitted).  Here, the ALJ determined that Plaintiff was not disabled at step five of the sequential process.

      *First Alleged Error - Application of the Grids*

      8.  Plaintiff claims that the ALJ erred in applying the Grids because: (1) the ALJ's RFC findings are not supported by substantial evidence,[2] and (2) the ALJ failed to include all of Plaintiff's non-exertional impairments in the RFC determination.  Because the Court agrees that substantial evidence does not support the ALJ's RFC determination, this case will be remanded

---

[2] Plaintiff specifically alleges that "the ALJ did not cite to any specific medical evidence that Mr. Lucero can perform 2 hours of walking and standing that sedentary work requires." (Motion at 5).

3

for a re-assessment of Plaintiff's RFC.

*RFC determination*

9.  The ALJ found that Plaintiff has the RFC to: (1) "Lift and carry, push and pull 10 pounds frequently and 20 pounds occasionally"; (2) "Stand and walk 2 hours in an 8-hour workday"; (3) "Sit at least 6 hours in an 8-hour workday"; and (4) "Climb, kneel and crouch occasionally." (Tr. 14).  The ALJ further determined that because "the additional limitations have little or no effect on the occupational base of unskilled sedentary work . . . . [a] finding of 'not disabled' is therefore appropriate under the framework of" the Grids. (Tr. 17).  However, it is not at all clear how the ALJ determined Plaintiff's RFC, because the decision lacks a discussion of the evidence upon which she relies.

10.  "The ALJ must assess the physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions." Adkins v. Barnhart, 80 Fed.Appx. 44, 48, 2003 WL 22413920, at **4 (10th Cir. Oct. 23, 2003) (citing 20 C.F.R. §§ 404.1545(b), 416.945(b)) (internal quotation marks omitted) (not published in the Federal Reporter).  These RFC findings must be supported by substantial evidence. Id., (citing Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999); Winfrey v. Chater, 29 F.3d 1017, 1023 (10th Cir. 1996)).  Here, the ALJ found that Plaintiff retained the RFC for sedentary work, without pointing to any evidence in support of her conclusion.[3]  In his response, the

---

[3] The ALJ's decision must be "evaluated based solely on the reasons stated in the decision." Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004) (citing Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168-69 (1962) (explaining that the magistrate judge erred "by supplying possible reasons" for the ALJ's decision to discount a treating physician's opinion).  Thus, where the ALJ neglects to set forth her reasoning and analysis, the Court may not speculate or substitute its own reasons for the ALJ's decisions.

Commissioner states that the ALJ's findings are supported by substantial evidence, but similarly fails to identify any such evidence.

11.  In this case, there does not appear to be any positive evidence to support the ALJ's RFC finding with respect to Plaintiff's exertional capacity for work activities. Indeed, except for a Medical Source Statement completed by "Pam Burler PAC for Pam Black, MD," (tr. 275-78), it appears that no medical source "has ever defined claimant's capability for walking, standing, or sitting," or any other work-related activity, Adkins, 80 Fed.Appx. at 48, 2003 WL 22413920, at **4. However, the ALJ rejected the opinions regarding Plaintiff's exertional limitations set forth in the Medical Source Statement.[4]

12.  Having rejected the Medical Source Statement, the ALJ was left with an almost total lack of evidence about what Plaintiff can do. The ALJ may not base an RFC determination on a lack of evidence. See Thompson, 987 F.2d at 1491 ("The absence of evidence is not evidence."). Because the ALJ's RFC determination is not supported by substantial evidence, the ALJ's decision based on the Grids cannot stand.

   *Remaining allegations of error*

13.  Plaintiff also claims that the ALJ did not specifically assess the effect of Plaintiff's pain on his ability to work. Because this matter is remanded for a re-assessment of Plaintiff's RFC, the Court need not address Plaintiff's remaining allegations of error in depth. However, the Court notes that while the ALJ apparently found Plaintiff's allegations of pain credible to

---

[4] The ALJ assigned "little weight" to the Medical Source Statement and rejected all of its exertional limitations. (Tr. 14, 16, 275-76). The ALJ may have adopted some of the statement's postural limitations (e.g., climbing, kneeling and crouching). (See Tr. 14, 276).

some degree,[5] she did not discuss how Plaintiff's pain impacts his ability to work.  On remand,

the ALJ should address the effect of Plaintiff's nonexertional symptoms on his ability to work.[6]

14.  Plaintiff also alleges that the ALJ improperly assessed the weight of treating physician opinions.  Specifically, Plaintiff contends that the ALJ erred in assuming that the Medical Source Statement signed by "Pam Burler PAC for Pam Black, MD" is the opinion of PA Burler rather than Dr. Black.  (Tr. 16).   On remand, the ALJ should contact Dr. Black to clarify whether the Medical Source Statement represents her opinion and/or to obtain her opinion regarding Plaintiff's work-related abilities.  If, after contacting Plaintiff's physician(s), the ALJ is unable to obtain sufficient evidence to assess Plaintiff's RFC, the ALJ should order a consultative examination.  See SSR 96-8p (directing the ALJ to "make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC"); 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. §§ 1512(f), 1519a(a)(1).

15. In sum, the Court finds that the ALJ's RFC assessment does not comport with the correct legal standards and is not based on substantial evidence.  This case will be remanded so that the ALJ can conduct a proper RFC assessment.  The ALJ should proceed, as necessary, regarding the use of Vocational Expert ("VE") testimony and/or application of the Grids, based on any new or changed findings resulting from development of the record and re-assessment of

---

[5] The ALJ found that Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms are not *entirely* credible."  (Tr. 15 (emphasis added)).

[6] "In all cases in which symptoms, such as pain, are alleged, the RFC assessment must . . . contain a thorough discussion and analysis of the objective medical and other evidence, *including the individual's complaints of pain and other symptoms* and . . . set forth a logical explanation of the effects of the symptoms, including pain, on the individual's ability to work," SSR 96-8p, 1996 WL 374184, at *7 (emphasis added).

Plaintiff's RFC.

**WHEREFORE**,

**IT IS ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum **[Doc. No. 15]** is GRANTED and this matter is remanded to the Commissioner for additional proceedings consistent with this opinion, to include:

(A)  conducting a re-assessment of Plaintiff's RFC;

(B) contacting Pam Black, MD to clarify/obtain her opinion regarding Plaintiff's work-related abilities;

(C) ordering a consultative examination, if necessary; and

(D) additional proceedings regarding the use of VE testimony and/or application of the Grids, based on any new or changed findings resulting from a re-assessment of Plaintiff's RFC.

*Robert Hayes Scott*

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE